

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*    *Federal Building and Courthouse*
*Facsimile:      (413) 785-0394*    *1550 Main Street, Room 310*
                                    *Springfield, Massachusetts 01103*

February 6, 2006

Attorney Alan J. Black
1383 Main Street
Springfield, MA 01103

    Re:  United States v. Regino Santiago
           Criminal No. 05-cr-30041

Dear Attorney Black:

    The following is a the government's response to the

Defendant's discovery letter filed on January 11, 2006:

1. & 2.  <u>Wiretap Information</u>

    There were no applications sought for an order authorizing the interception of a wire, oral, or electronic communication pursuant to Title 18, United States Code, Section 2518 et. seq., in the Defendant's case. The FBI agents obtained consent from the cooperating witness to record both telephone calls and a meeting between the cooperating witness and the Defendant. The Government has provided these recordings to the Defendant.

3.    <u>Search Warrant Information</u>

    The investigating agents did not apply for any search warrants in the Defendant's case. In addition, the agents did not apply for a search warrant in any other case that is relevant to the Defendant's case.

4.    <u>Date, Time, Place for Every Surveillance, etc.</u>

    The government declines to comply with the Defendant's overly broad request with respect to surveillance of the Defendant. The government has provided counsel with the

27, 2005
Page 2

     only known recordings of the Defendant and/or his residence.

     The government respectfully declines to provide all internal agency documents pertaining to the Defendant's investigation. These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2). Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

     There were no "mail covers" in the Defendant's case.

5.    <u>Identification Procedures</u>

     Please see the government's automatic discovery letter, Section 5(f): "In January 2005, the cooperating witness, whose identity is disclosed in this document, informed the FBI that an individual known as "King Moyo" was dealing drugs. Based on the informant's description of "King Moyo" and information identifying his residence, provided by the cooperating witness, the FBI obtained the defendant's Massachusetts Registry of Motor Vehicle ("RMV") photograph. The FBI showed this photograph to the cooperating witness, whose identity is disclosed below. The cooperating witness indicated that the photograph of the Defendant depicted the person he knew as King Moyo.

     The FBI later compared the defendant's RMV photograph to the video of the January 13, 2005, transaction (as set forth in the indictment) in order to positively identify the defendant. The RMV photograph is enclosed."

6.    <u>Expert Witness Information</u>

     The government intends to call an expert witness from the DEA laboratory regarding the chemical analyses of the drugs purchased from the defendant in this case. I provided copies of the DEA form 7's with the results of the completed analyses. Those forms contain the name of the chemist, Florence Wong, who did the analyses and whom I expect to call as a witness. Wong will testify that based upon her education, training and experience as a chemist that she performed an analysis of the cocaine base in this case and that it is in fact cocaine base. Wong's resume and a statement of her qualifications are enclosed (three pages total).

27, 2005
Page 3

    Furthermore, the government presently intends to call members of the FBI Gang Task Force (GTF), including but not limited to FBI SA Mark Karangekis, GTF Agent Frank Ott, GTF Agent Steve Marangoudakis, and GTF Agent James Mazza to testify at trial. I expect they will testify about terms, prices and methods of distribution in the illegal drug business based upon their training and experience investigating narcotics offenses.

    The government intends to ask the GTF agents about terms used during the conversations between the defendant and the cooperating witness (CW) regarding drug quantities. The government will also ask the GTF agents about the references to amounts of money discussed during the conversations and expects that they will testify that those amounts are consistent with the prices in this area at the relevant time.

    The GTF agents will also testify regarding the operation of a drug business. For example they will testify that drug businesses use beepers, cellular phones, code words or phrases, generally accept cash only and involve several levels of distributors in a hierarchy. They will also testify that drug distributors will not deal directly with unknown individuals but rather will only deal with people they know or use other members of the conspiracy to insulate themselves from detection by law enforcement.

    The GTF agents will also testify about terms, prices and methods of distribution in the illegal drug business. Further, they will testify that crack or crack cocaine is the street term for cocaine base and that cocaine base in the form of crack cocaine is made by cooking cocaine and at least one other dilutant, usually baking soda. They will testify that crack is also called rock and hard. They will testify that cocaine is also called raw, soft or powder. They will testify that a brick is a kilogram of cocaine. They will testify that cocaine and crack cocaine are sold in quantities which are sometimes referred to in metric weight and sometimes in ounces. They will testify that one ounce is approximately 28 grams and that an "eighth" or "8 ball" refers to one-eighth of an ounce which is approximately 3.5 grams. This is not a comprehensive list of the testimony but rather a summary of the expected testimony. The GTF agents will be testifying based upon their training as a law enforcement agents and their experience in investigating

 27, 2005
Page 4

    numerous drug cases.

7.    <u>Witness Statements</u>

    The government will provide all evidence that falls under either Title 18, United States Code, Section 3500 or Fed.R.Crim.P. R. 26.2 in accordance with the schedule set forth in the respective statutes and consistent with Local Rules 117.1(A) and 116.2.

8.    <u>Grand Jury Minutes</u>

    The government will provide all evidence that falls under either Title 18, United States Code, Section 3500 and Fed.R.Crim.P. R. 26.2 in accordance with the schedule set forth in the respective statutes and consistent with Local Rules 117.1(A) and 116.2.

9.    <u>"Tapes of ALL conversations related to the investigation of this matter."</u>

    The government has provided the relevant recordings to the Defendant.

10.    <u>Confidential Informant Disclosure</u>

    The government has provided the name of the cooperating witness, Julian Rios, who bought cocaine base from the Defendant. The government has also provided all promises rewards and inducements provided to the cooperating witness Rios. It is unclear what other information you are seeking in your broad request.

11.    <u>Co-defendant Statements</u>

    The Defendant is not charged in a conspiracy.

12.    <u>Witness List</u>

    The government will provide a witness list to the Defendant at a time consistent with Local Rules 117.1(A) and 116.2.

13.    <u>Notice of 404(b) Evidence</u>

    The government will produce a general description of any Fed. R. Evid. 404(b) evidence at least 21 days before trial.

```
  27, 2005
Page 5
```

See Local Rules 117.1(A) and 116.2.

14. Criminal History of Government Witnesses

    The government has provided you with a copy of Julian Rios's criminal record in automatic discovery. Rios is not presently under investigation for any violations of state or federal law.

15. Promises, Rewards, Inducements

    In accordance with its obligations pursuant to automatic discovery, the government has provided you with the promises rewards and inducements provided to the FBI cooperating witness, Julian Rios.

16. Immunity

    The governemnt has not offered immunity to any witnesses who are either relevant or material to the Defendant's indictment.

17. Law Enforcement Records

    This is an overly broad request for nondiscoverable information. The government has, and will continue to provide any exculpatory information, it possesses relevant to its cooperating witnesses. The government respectfully declines to disclose the internal agency reports as a matter of course. These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2). Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

18. "All Favorable Evidence"

    The government can not and will not agree to comply with this overly broad request for nondiscoverable information. Since the Defendant did not waive automatic discovery, the government and the Defendant are bound by the automatic discovery procedures specified in Local Rule 116.1 et. seq. By omitting a materiality requirement, this request is overly broad and inconsistent with both the Local Rules and Brady v. Maryland, 373 U.S. 83, 87 (1963).

27, 2005
Page 6

19. <u>Agent Notes</u>

   The government declines, as a matter of course, to provide the investigating agents notes. These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2). Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable. Any existing notes will be disclosed to the Defendant if they are discoverable as either Jencks material or <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).

20. <u>Jenks Act Material</u>

   The government declines to produce the Jencks material 90 days before trial. The Defendant's unsupported assertion that this is necessary in the interests of judicial economy does not serve to accelerate the government's burden of production in this case. The Defendant has in his possession a video and audio recording of the transaction that supports the government's indictment and he has no particularized need to circumvent the discovery procedures as outlined in the Federal Rules of Procedure and the Local Rules.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /s/ Paul Hart Smyth
                              _____
                              Paul Hart Smyth
                              Assistant U.S. Attorney