UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      )
                              )
        v.                    )   CRIMINAL NO. 05-30041-MAP
                              )
REGINO SANTIAGO,              )
    Defendant.                )
                              )
```

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S DISCOVERY MOTION
PURSUANT TO 116.1(D) (DKT. # 33)**

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, now responds to the Defendant's motion for additional discovery pursuant to Local Rule 116.1(D).

1. <u>Grand Jury Minutes</u>

    The Government will provide the witness statements, including grand jury minutes, 21 days before trial. This is well in advance of the requirements as set forth in either Title 18, United States Code, Section 3500 or Fed. R. Crim. P. 26.2(f).

2. <u>Previously Recorded Testimony of the Government's Cooperating witness</u>

    The government declines to comply with this overly broad request for statements of a witness. The government is obligated to provide relevant evidence that is material to the question of guilt or punishment. See <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). The Defendant has no general constitutional right to discovery. <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977).

3. <u>History of the Cooperating Witness</u>

    The government has provided, and will continue to provide, the Defendant with the promises, rewards, and inducements provided to him. The government has no duty to provide the Defendant with a "history of this witness's cooperation with the United States and any other governmental agency."

4.  <u>Transcription of All Tapes and All conversations of the Cooperating Witness</u>

    The government declines to agree to provide the Defendant with any transcripts.  The government is under no obligation to do so.  <u>See</u> Local Rule 116.4(B)(4).  If the government decides to prepare transcripts of the recordings relevant to the Defendant, the governemnt will provide the transcripts to the Defendant upon receipt of the same.

    The Defendant's request for "ALL tapes of ALL conversations" is overly broad and inconsistent with <u>Brady</u> and the Local Rules for Discovery in Criminal cases.  The Defendant should not be allowed to go on a "fishing expedition" for discovery.  <u>See e.g.</u>, <u>United States v. Migley</u>, 596 F.2d 511, 513 (1st Cir. 1979); <u>see also</u> <u>DeVincent v. United States</u>, 632 F.2d 145, 146 (1st Cir.1980).

5.  <u>Cooperating Witness Name and Address</u>

    The government has already provided the Defendant with the name of the cooperating witness in the Defendant's case.  The government declines to provide the cooperating witness's address due to concerns for his safety.

6.  <u>Full Record of Arrests and Convictions of the Cooperating</u>

    The government has provided the cooperating witness's criminal record to the Defendant.  The government declines to provide additional information concerning this record.  The Defendant is free to gather this information from the appropriate clerk of courts or police department.  In addition, the Defendant has made no showing that the information sought would be admissible in the Defendant's trial.  Inadmissible evidence is by definition not material.  <u>Norton v. Spencer</u>, 351 F.3d 1, 8 n. 3 (1st Cir. 2003) quoting <u>United States v. Ranney</u>, 719 F.2d 1183, 1190 (1st Cir. 1983).

7.  <u>Law Enforcement Record Pertaining to Criminal Activity, Arrest, or Conviction</u>

    The government has provided the cooperating witness's criminal record to teh Defendant.  The governemtn declines to provide additional information concerning this record.  The government respectfully declines to

      provide agency reports.  These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2).

8. <u>Agent Notes</u>

    I have instructed the agents in this case to save their notes pursuant to Local Rule 116.9.

9. <u>Immediate Production</u>

    The government objects to the Defendant's groundless request for immediate production.  This Court should abide by the timing requirements set forth in the Local Rules of Criminal Discovery unless the Defendant presents good cause to depart from the requirements.

In conclusion, the government respectfully requests this Court to limit the government's discovery obligations to timely disclosure of information that is relevant and material to the Defendant's case.

                        Respectfully submitted,
                        MICHAEL J. SULLIVAN
                        UNITED STATES ATTORNEY

                  By:  <u>/s/ Paul Hart Smyth</u>
                        Paul Hart Smyth
                        Assistant U.S. Attorney

Dated: March 19, 2006