UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )  CRIMINAL NO. 05-30041-MAP<br>)<br>REGINO SANTIAGO,     )<br>    Defendant.        )<br>) | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S DISCOVERY MOTION
REQUESTING EXPERT WITNESS INFORMATION (DKT. # 25)**

The government has previously provided the following information pertaining to its expert witnesses:

The government intends to call an expert witness from the DEA laboratory regarding the chemical analyses of the drugs purchased from the defendant in this case. I have provided copies of the DEA form 7's with the results of the completed analyses. Those forms contain the name of the chemist, Florence Wong, who did the analyses and whom I expect to call as a witness. Wong will testify that based upon her education, training and experience as a chemist that she performed an analysis of the cocaine base in this case and that it is in fact cocaine base. Wong's resume and a statement of her qualifications are enclosed (three pages total).

Furthermore, the government presently intends to call members of the FBI Gang Task Force (GTF), including but not limited to FBI SA Mark Karangekis, GTF Agent Frank Ott, GTF Agent Steve Marangoudakis, and GTF Agent James Mazza to testify at trial. I expect they will testify about terms, prices and methods of distribution in the illegal drug business based upon their training and experience investigating narcotics offenses.

The government intends to ask the GTF agents about terms used during the conversations between the defendant and the cooperating witness (CW) regarding drug quantities. The government will also ask the GTF agents about the references to amounts of money discussed during the conversations and expects that they will testify that those amounts are consistent with the prices in this area at the relevant time.

The GTF agents will also testify regarding the operation of a drug business. For example they will testify that drug businesses use beepers, cellular phones, code words or phrases, generally accept cash only and involve several levels of distributors in a hierarchy. They will also testify that drug distributors will not deal directly with unknown individuals but rather will only deal with people they know or use other members of the conspiracy to insulate themselves from detection by law enforcement.

The GTF agents will also testify about terms, prices and methods of distribution in the illegal drug business. Further, they will testify that crack or crack cocaine is the street term for cocaine base and that cocaine base in the form of crack cocaine is made by cooking cocaine and at least one other dilutant, usually baking soda. They will testify that crack is also called rock and hard. They will testify that cocaine is also called raw, soft or powder. They will testify that a brick is a kilogram of cocaine. They will testify that cocaine and crack cocaine are sold in quantities which are sometimes referred to in metric weight and sometimes in ounces. They will testify that one "eighth" or "8 ball" refers to one-eighth of an ounce which is approximately 3.5 grams. This is not a comprehensive list of the testimony but rather a summary of the expected testimony. The GTF agents will be testifying based upon their training as a law enforcement agents and their experience in investigating numerous drug cases.

1.   Training Materials

Special Agent Mark Karangekis will testify as to how drug trafficking is conducted based on his experience as a drug and gang investigator.  He will not rely on training materials, manuals, handouts, or films.  Karangekis will base his opinions on the 14 years of experience that he has had investigating violations of the controlled substance laws.  Specifically, he has learned how drug trafficking is conducted by interviewing numerous drug traffickers, working with numerous cooperating witnesses, and conducting numerous controlled purchases of drugs.  Karangekis has also recorded - either audio or video - over one hundred drug transactions, and his knowledge of how drugs are bought and sold arises from his review of the recordings.

2.   Complete C.V.

The government has provided DEA Florence Wong's resume.  The government will provide Agent Karangekis's resume at least 30 days before trial.  The government does not anticipate at the present time introducing expert-type testimony from any other witness.

3.   Previous Testimony of Government's Experts

The government will provide a list of cases in which Agent Karangekis testified to the terms as set forth in paragraph 3 of the Defendant's discovery motion, that occurred in the last five years at least 45 days prior to trial.  The government does not agree to provide a summary of every case as proposed by the Defendant in paragraph 3 (a-e).  This request is inconsistent with the government's obligations pursuant to Fed. R. Evid. 703.  See United States v. Capleton, 199 F.R.D. 25 (D.Mass. 2001).

4.   All Prior Reports and Testimony

The government respectfully declines to provide all prior reports or transcripts of prior testimony by either DEA Wong or FBI Agent Karangekis.  This request is far beyond the scope

of the government's obligations with respect to expert witness testimony.  See Fed. R. Evid. 703; Capleton, 199 F.R.D. at 27-28.

5.Specific Summary of Expert Testimony

DEA Wong will testify that the substance she analyzed was cocaine base.  The government has provided you with Wong's Forensic Chemist Worksheet and accompanying chemical analysis documents.  These documents provide a very specific outline of Wong's testimony.

Agent Karangekis will testify that the consensually recorded telephone calls between the cooperating witness and the Defendant on January 13, 2004 contain drug related conversations and negotiations.  For example, the term "tre bolas" refers to "three eight-balls," a measurement of drugs.  The meaning of this term was previously provided to counsel.  In addition, Agent Karangekis will testify that when the Defendant told the cooperating witness that "the best I can do is $120," the Defendant was quoting a price for each eight-ball of crack cocaine.

The government will provide a summary of Karangekis's testimony concerning the actual cocaine base transaction between the cooperating witness and the Defendant at least 30 days prior to trial.

Respectfully submitted,
MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:/s/ Paul Hart Smyth
Paul Hart Smyth
Assistant U.S. Attorney