UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| OF AMERICA ) | |
| ) | |
| ) | |
| ) | CRIMINAL NO. 0530041 PBS |
| V. ) | |
| ) | |
| REGINO SANTIAGO, ) | |
| Defendant, ) | |
| ) | |

**DEFENDANT'S PRE-SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE**

Defendant, Regino Santiago, submits this Memorandum and Motion for Downward Departure to assist the Court in sentencing. The defendant is seeking relief from the guideline sentencing range pursuant to U.S.S.G. Section 4A1.3 and Chapter 1, Part A, of the Guidelines Introduction Notes that states:

> "The sentencing statute permits a Court to depart from the guideline specified sentence only when it finds an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described . . . The commission intends the sentencing Courts to treat each guideline as carving out a "heartland", a set typical cases embodying the conduct that each guideline describes. When a Court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the Court may consider whether departure is warranted." U.S.S.G. Chapter I, Part A., Introduction comment, (4)(b) (quoting 18 U.S.C. Section 3553 (b).

For the reasons set forth below, the Court should depart downward in sentencing Regino Santiago in this case.

### I. THE DEFENDANT'S FAMILY BACKGROUND AND UPBRINGING WARRANTS A DEPARTURE

The defendant's family background warrants a departure. U.S.S.G. 5K2.0 allows for family circumstances in certain situations. According to information contained in the PTS report, Mr. Santiago's family history reflects the fact that at a very early age, he was exposed to family background that was less than conducive to a steady upbringing. The defendant never met his

biological father, who according to the PTS was incarcerated for murder in Puerto Rico. Both his mother and stepfather died of aids in the year of 2000. His mother was 37 years of age when she died.

The defendant reported that he was exposed through his mother's "dates" to men who liked to get high. The defendant also noted that his "step-father" did not work outside the home and frequently used alcohol, heroin, and cocaine. Further, other relatives of the defendant used drugs with his stepfather. He further stated that other men his mother dated were physically abusive to his mother. The defendant took to the streets and joined the Latin Kings at a very early age just to get out of the house and the above-described situation.

II.     **THERE EXISTS MITIGATING CIRCUMSTANCES NOT ADEQUATELY TAKEN INTO CONSIDERATION BY THE GUIDELINES THAT SHOULD RESULT IN A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. SECTION 5K2.0**

A sentencing Court may depart downward where a combination of factors warrants it. See U.S.S.G. Section 5K2.0 Commentary) combination of characteristics and circumstances, none of which alone take the case out of the heartland, may warrant departure). See also United States v. Sklar, 920 F.2d 107, 117 (1st Cir. 1990) ("We do not mean to imply that factors, inadequate to warrant departure when taken in isolation, may not in combination suffice to remove a case from the heartland".)

The combination of factors that warrants departure here include his extraordinary family situation, emotional abuse and being exposed to drugs at a very early age. These circumstances warrant the Court's consideration and a downward departure under U.S.S.G. Section 5K2.C. See Koon v. United States, 115 S.Ct. 2035 (l996). (District Court has broad authority to depart downward on any ground with the exception of forbidden ground); United States v. Rivera, 994 F.2d 942, 947 (1st Cir. 1993).

      **III.    THERE EXISTS CIRCUMSTANCES OF EXTRORDINARY ACCEPTANCE OF RESPONSIBILITY THAT ARE NOT ADEQUATELY TAKEN INTO CONSIDERATION BY THE GUIDELINES THAT SHOULD RESULT IN A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. SECTION 5K2.0**

The courts have the authority to depart downward where circumstances demonstrate a degree of acceptance of responsibility that is in excess of that ordinarily present. United States v. Lieberman, 971 F2d 989 (3rd. Cir. (1992). Further discussion of these grounds should be made at sidebar during the sentencing hearing.

      **IV.    THERE EXISTS IN THE DEFENDANT'S PAST, CHILD ABUSE WHICH IS NOT ADEQUATELY TAKEN INTO CONSIDERATION BY THE GUIDELINES THAT SHOULD RESULT IN A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. SECTION 5K2.0**

There is ample evidence as shown in the PTS report prepared by Ms. Wald that the defendant was subject to a mother who exposed the defendant to men who abused her and abused drugs in front of him. He had a drug addict-alcoholic stepfather and a non-present biological father. This type of behavior amounted to both emotional and physical abuse of the defendant. United States v. Reinoso, (350 F3d 51 (2nd Cir. (2003). Although there has not been a psychiatric evaluation in this case, it is stated by the defendant's parents and family members that the defendant is a very gentle and quite individual who does not hurt anyone. It is easy for this court to make a finding that the abuse contributed to the defendant's commission of this offense, as it almost appears that the defendant withdrew and became inward due to what he was exposed to in his home on a regular basis.

RESPECTFULLY SUBMITTED

THE DEFENDANT

By: /s/ Alan J. Black
ALAN JAY BLACK
His Attorney
BBO# 553768
1383 Main Street
Springfield, MA 01103
(413) 732-5381

## CERTIFICATE OF SERVICE

I, Alan Jay Black hereby certify that on this 11th day of December 2006, I caused a copy of the foregoing Motion and Sentencing Memorandum to be served on the parties of record by delivering electronically and by fax and by causing to be mailed a copy of same to AUSA Paul Smith and U.S. Probation Officer Susan Walls

/s/ Alan J. Black
Alan J. Black